IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARK ISAACS,**

    **Plaintiff,**

v.   No. 12cv0255 MV/WPL

**JAMES PATTERSON;**
**ICE AGENT CERVANTES;**
**ICE AGENT BELMONTE;**
**ICE AGENT FELIX COBOS;**
**JOHN DOE (who had the N400**
**transferred to Texas),**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Mark Isaac's motion to proceed *in forma pauperis* ("IFP"), filed March 12, 2012 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

The Court also has a duty under 28 U.S.C. § 1915A(a) to screen cases that inmates – or, as in this case, former inmates who are now detainees – file against governmental entities or their employees "as soon as practicable" to determine if the claims should be dismissed because the action "is frivolous or malicious or fails to state a claim on which relief may be granted; or [] seeks

monetary relief against a defendant who is immune from such relief." § 1915A(b)(1)-(2).

In screening the complaint, the Court resolves the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In screening the Complaint, the Court will accept as true Isaacs' allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Isaacs. *See Kay*, 500 F.3d. at 1217. But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Isaacs has filed an insufficient application to proceed IFP in this case because he filed only a document entitled "fee waiver" in which he "swears," in an unnotarized document, that he "cannot afford to pay fees." Doc. 2; *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that an individual desiring to proceed without prepaying filing fees or costs must establish that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). Thus, the Court may deny IFP and dismiss this case on that basis alone. *See Lister*, 408 F.3d at 1313 (noting that failure to "fill out the

proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees). But because I conclude that Isaacs also cannot state a viable federal claim against the Defendants in this case, I will also screen and analyze his Complaint under the requisite standards.

Isaacs filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Isaacs is an alien detainee awaiting deportation proceedings in Chaparral, NM after having been convicted in 2008 for fraud resulting in a loss of more than $1000, the amount of loss actually being more than $500,000. *See Isaacs v. USCIS*, No. 11cv1029 WJ, Doc. 2 at 1 (D.N.M. Nov. 21, 2011) (denying emergency petition for mandamus). Isaacs brings his *Bivens* action against individual ICE agents and a USCIS hearing officer in El Paso, Tx, alleging that they have illegally "conspired to change [his] state residency from Illinois to Texas in order to conduct [his] N400 interview in Texas" because the USCIS allegedly transferred his 2009 naturalization application to USCIS offices in El Paso, Texas from the Illinois office. *See* Complaint at 2, ¶ 5; *id.* at 3, ¶ 12; *id.* at 4, ¶ 15; *id.* at 5-6. Specifically, Isaacs states that he gave a copy of his USCIS January 2010 "interview appointment" with the Illinois office (which he could not keep because he was in custody in Pecos, Texas), to Defendant Officer Cobos, *id.* at 2-3, ¶¶ 5-7; that "ICE agent Cervantes made an appointment with USCIS in El Paso, TX for February 6, 2012 . . . for a naturalization interview," *id.* at 4, ¶ 15; and that "ICE Agent Belmonte" took him to El Paso "in handcuffs" and "placed" him "in the office of immigration officer James Patterson," *id*. ¶ 16. From these facts, Isaacs concludes that the Defendants engaged in an unlawful conspiracy "in violation of due process rights, privacy rights, and the policy of USCIS, 96.03 The Naturalization Application, and the anti retaliation laws." *Id.* at 5.

"The factors necessary to establish a *Bivens* violation will vary with the constitutional provision at issue." *Ashcroft v. Iqbal*, 129 S. Ct. at 1948. But a *Bivens* complaint must always allege sufficient facts to "state a claim for violation of any rights secured . . . under the United States Constitution." *Siegert v. Gilley*, 500 U.S. 226, 227 (1991) (holding that *Bivens* complaint had to be dismissed because plaintiff alleged facts supporting only defamation, which "by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation"), *overruled in part on other grounds by Pearson v. Callahan*, --- U.S. ----, 129 S. Ct. 808 (2009).

Here, Isaacs is asserting that the federal officers violated his due-process rights by conspiring to change his state residency. To state a claim for the denial of procedural due process, a plaintiff must allege facts showing that: (1) he was deprived of a liberty or property interest; (2) without constitutionally adequate process. *See Board of Regents v. Roth*, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Isaacs is not really complaining of a lack of adequate process; rather he is contending that the USCIS may not change his residence from Illinois to Texas.

> Substantive due process bars "certain government actions regardless of the fairness of the procedures used to implement them." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (quotation omitted). Executive action violates substantive due process when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 847, 118 S. Ct. 1708 (quotation omitted). The Supreme Court has "always been reluctant to expand the concept of substantive due process." *Id.* at 842, 118 S. Ct. 1708 (quotation omitted)

*Brown v. Montoya*, 662 F.3d 1152, 1172 (10th Cir. 2011).

> The Supreme Court has described two strands of the substantive due process doctrine. One strand protects an individual's fundamental liberty interests, while the other protects against the exercise of governmental power that shocks the conscience. *See Chavez*, 538 U.S. at 787, 123 S. Ct. 1994 (Stevens, J., concurring in part and dissenting in part) ("The Due Process Clause of the Fourteenth Amendment protects individuals against state action that either 'shocks the conscience,' or interferes with [fundamental] rights 'implicit in the concept of ordered liberty' " (citations omitted)).

4

> A fundamental right or liberty interest is one that is "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty." *Chavez v. Martinez*, 538 U.S. 760, 775, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003). Without these rights, "neither liberty nor justice would exist." *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 82 L. Ed. 288 (1937). Because of their importance, fundamental liberty interests are preciously guarded. "[T]he Fourteenth Amendment forbids the government to infringe fundamental liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Glucksberg*, 521 U.S. at 721, 117 S. Ct. 2302 (internal quotations and ellipsis omitted).

*Seegmiller v. Laverkin City*, 528 F.3d 762, 766–67 (10th Cir. 2008). I have not found any cases indicating that one has a fundamental right to declare a particular state as being one's legal residence. Further, for the USCIS to require a naturalization applicant to be interviewed in a state other than the one in which the original application was filed does not mean that it or its agents are "changing" the alien's legal residence from one state to another. In short, Isaacs has not stated facts to show violation of any constitutional right, and therefore, has failed to state a cognizable claim under *Bivens*.

Further, I take judicial notice of Judge Johnson's recent opinion denying mandamus relief to Isaacs over the same issue of conducting a naturalization hearing or interview in El Paso. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). Judge Johnson stated:

> Once convicted of an aggravated felony, however, Isaacs was no longer eligible for naturalization under any statute of which the Court is aware. *See* 8 U.S.C. § 1427(a) (requiring alien applying for naturalization to prove that he "has been and still is a person of good moral character,"); 8 U.S.C. 1101(f)(8) (providing that "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section)").

> Isaacs has failed to allege sufficient facts to demonstrate his entitlement to an order requiring the Attorney General, the USCIS or the ICE to perform, or to refrain from performing, any act. Although this Court generally has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, this section "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (internal quotation marks omitted). "The importance of the term 'nondiscretionary' cannot be overstated. . . . [T]o the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary." *Id*. at 479 (internal quotation marks omitted).
>
> The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). But, by statute, the Attorney General may *not* naturalize an alien "against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceedings pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act." 8 U.S.C. § 1429.
>
> When conducting investigations regarding naturalization, "[t]he Attorney General may, in his discretion, waive a personal investigation in an individual case or in such cases or classes of cases as may be designated by him." 8 U.S.C. § 1446(a). Isaacs has presented nothing to show that the Attorney General *must* conduct a personal naturalization interview after the Attorney General becomes aware that an applicant has been convicted of an aggravated felony that disqualifies him for naturalization and mandates his removal.

*Isaacs v. USCIS*, No. 11cv1029 WJ, Doc. 2 at 2-3 (D.N.M. Nov. 21, 2011). Here, as Judge Johnson noted, the immigration statutes prohibit the Attorney General from naturalizing an alien, such as Isaacs, who has been convicted of an aggravated felony as defined by the immigration statutes. Isaacs has no statutory or constitutional right to a naturalization hearing in a specific district. Under these circumstances, it would be futile to permit Isaacs to amend his Complaint.

The Court concludes that Isaacs' Complaint fails to state a cognizable claim and must be dismissed under § 1915(e)(2)(A) & (B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). Accordingly, his

motion to proceed IFP must be denied.

**IT IS ORDERED THAT** Isaacs' motion to proceed IFP [Doc. 2] is DENIED and that the Complaint is dismissed with prejudice.

**DATED** this 23rd day of April, 2012.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**